**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES C. SMITH d/b/a THE STUDIO OF JAMES C. SMITH a/k/a "STUDIOJS"<br><br>Plaintiff,<br><br>vs.<br><br>T2 PROPERTIES LLC, an Illinois limited liability company, and JAMESON REAL ESTATE, LLC, an Illinois limited liability company, d/b/a JAMESON SOTHEBY'S INTERNATIONAL REALTY,<br><br>Defendants. | ) | Case No. |

**COMPLAINT**

Plaintiff, JAMES C. SMITH d/b/a THE STUDIO OF JAMES C. SMITH a/k/a "STUDIOJS" ("Studiojs") states as his Complaint against Defendants, T2 PROPERTIES LLC, an Illinois limited liability company ("T2") and JAMESON REAL ESTATE, LLC, an Illinois limited liability company, d/b/a JAMESON SOTHEBY'S INTERNATIONAL REALTY ("Jameson"), as follows:

**NATURE OF THE ACTION**

1. This is a civil action seeking damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et. seq.*

2. As set forth in greater detail below, this action involves the unauthorized use and publication of the copyrighted work product of Studiojs by Defendants.

**THE PARTIES**

3. James C. Smith is doing business as The Studio of James C. Smith, also known as "studiojs," a sole proprietorship in Chicago, Illinois. Studiojs creates artistic drawings and

renderings for real estate developers, builders, architects and other clientele worldwide. The longevity of Studiojs' business is evident. Studiojs has been working for certain clientele, without interruption in many instances, for a decade or more. Studiojs' work product is frequently used for marketing real estate developments in advertisements, offering memoranda, and project documents.

4. Defendant T2 is an Illinois limited liability company with a place of business at 3520 S. Morgan Street, Chicago, Illinois 60609.

5. Defendant Jameson is an Illinois limited liability company with a place of business is 425 W. North Avenue, Chicago, Illinois 60610. Defendant Jameson sometimes does business under the assumed name of Jameson Sotheby's International Realty.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction over Studiojs' claims for copyright infringement pursuant to 17 U.S.C. §101 *et seq.* and 28 U.S.C. §1331 and §1338(a).

7. Venue in this District is proper under 28 U.S.C. §1391(b) and §1400(a).

**FACTUAL BACKGROUND**

8. Studiojs has been creating architectural illustrations for clients for over thirty-seven (37) years.

9. Studiojs' architectural illustration involves a client consultation, analysis of design criteria, project location and the intended use of the illustration.

10. Studiojs' architectural illustrations are created by utilizing both a computer system for digital illustrations and traditional hand illustrations. The illustrations consist of artwork depicting projects in development, with creative features showing landscapes,

streetscapes and people. The completed illustrations of projects are so life-like that the illustrations are sometimes mistaken for photographs.

11. The skills necessary to create the renderings and illustrations have taken Studiojs considerable effort and expense over many years to develop, which could not be duplicated by others except through similar effort and expense.

12. In 2012, Studiojs created an architectural, digital illustration for a client who intended to use the illustration for a commercial project in Chicago, Illinois (the "Illustration"). The Illustration was identified with Studiojs' watermark in the lower left-hand corner.

13. In early 2017, Studiojs discovered that, without consent or permission of Studiojs as the exclusive rights owner, Defendants had copied, used and submitted the Illustration for publication over the Internet. A copy of the Illustration as it appeared on two formats on the Internet and the original digital Illustration is attached as Exhibit A.

14. On or about April 6, 2017, Defendants allowed the Illustration to be published in *Crain's Chicago Business*, entitled "Townhomes planned near Heart of Chicago restaurant row" (see Exhibit A) (hereafter, the "Crain's Article").

15. The Crain's Article credits "Photo by Jameson Sotheby's International Realty" when describing the Illustration.

16. The Illustration is not a "Photo," but is actually a creation by Studiojs, includes Studiojs' watermark in the lower left-hand corner, and was published in *Crain's Chicago Business* without the prior knowledge or consent of Studiojs.

17. The Crain's Article reported that Mr. Dan Broughton, Vice President of Defendant T2 is the developer "drawing up a plan for the town houses."

18. Upon information and belief, Defendants illegally obtained a copy of the Illustration for utilization in the Crain's Article.

19. The Illustration created by Studiojs is registered with the U.S. Copyright Office as No. VA 2-038-112. Registration (the certificate of registration) is *prima facie* evidence of the validity of the copyright and ownership of the work pursuant to the Copyright Act 17 U.S.C. §410(c).

20. Studiojs learned Defendants not only placed the Illustration in *Crain's Chicago Business*, but on information and belief, in other publications, websites and social media outlets, with "Photo by Jameson Sotheby's International Realty," as sample of sites in which the Illustration appeared are summarized as follows:

http://www.chicagobusiness.com/realestate/cred07

http://www.chicagobusiness.com/realestate/20170406/CRED0701/170409934/townhomes-planned-near-heart-of-chicago-restaurant-row

Additional links to Googling -Townhomes planned near Heart of Chicago restaurant row

ewallstreeter.com/townhomes-planned-near-heart-of-chicago-restaurant-row-5188/

chicagofocus.blogspot.com/.../townhomes-planned-near-heart-of-chicago. html

www.scoopnest.com/user/CrainsChicago/850875978754793472

theexpiredmeter.com/2017/04/the-drivers.../comment-page-1/

insurancenews.website/.../Townhomes-&-Condos-For-Sale-in-Niles,-Illinois ---March-2017

21. On April 21, 2017, Studiojs sent a Litigation Notice, Demand and Hold to Preserve Evidence letter to Defendants (the "April 21, 2017 Letter"), a copy of which is attached hereto as Exhibit B.

22. Despite the April 21, 2017 Letter, the Defendants did not immediately withdraw the Illustration from publication, but allowed the Illustration to continue to be published daily on the Internet.

23. The Defendants had knowledge of Studiojs' claim of copyright infringement as Dan Broughton of T2 Properties wrote about the issue in an email, a copy of which is attached hereto as Exhibit C, stating:

**From:** Dan Broughton [mailto:dan.broughton3520@gmail.com]
**Sent:** Monday, April 24, 2017 1:01 PM
**To:** Maria Bazakos <mbazakos@stilpbusinesslaw.com>
**Cc:** Emily Wong <emily3520@gmail.com>; Jennifer Liu <jliu@jamesonsir.com>
**Subject:** Re: Litigation Notice, Demand and Hold to Preserve Evidence

Maria,

I talked with our colleagues at Jameson and to the best of our knowledge, the only place the image was used was in the Crain's article. I will wait to hear from you about the next steps in resolving this matter. Dan

**Dan Broughton**

T2 Properties
Vice President
3520 S Morgan St
Chicago, IL 60609
Direct: 312.619.0030

24. On May 1, 2017, at 9:29 a.m., a voicemail recording from phone number (312) 649.5484 identified the caller as "Dennis Rodkin from Crain's Chicago Business" and stated in the recording that the "real estate agent called and told us that he hadn't had permission to provide that image." (A copy of the recording will be made available during discovery for Defendants' inspection.)

25. On May 9, 2017, at approximately 1:15 p.m. Mr. Michael Hulett of Jameson Sotheby's International Realty called from phone number (773) 744-4447 and spoke with Mr. James Smith. During the brief phone call, Mr. Hulett joked with Mr. Smith that "it was all a mistake," and when Mr. Smith referred Mr. Hulett to Studiojs' attorney, Mr. Hulett said, "all right" and hung up.

26. On May 18, 2017, at approximately 2:00 p.m., Mr. Dan Broughton of T2 Properties voluntarily appeared for a meeting at which Mr. Broughton said the publication of Studiojs' Illustration was "a major f—kup."

**COPYRIGHT INFRINGEMENT**

27. Defendant Jameson is experienced and sophisticated in real estate marketing, sales and promotion.

28. Defendants had to have known that submitting Studiojs' Illustration for publication on the Internet, and identifying the Illustration as "Photo by Jameson Sotheby's International Realty" was false.

29. The misattribution of Studiojs' Illustration as "Photo by Jameson Sotheby's International Realty" was either deliberate or in conscious disregard for Studiojs' rights, and lessened the value of Studiojs' work because recipients can download the unauthorized copies to their computers for unlimited viewing and distribution.

30. Each Defendant has violated Studiojs' exclusive rights of reproduction, use and publication of the Illustration.

31. Each Defendants' actions constitute infringement of Studiojs' exclusive rights protected under the Copyright Act, 17 U.S.C. §101 *et. seq.*

32. Defendants infringed on the rights of Studiojs by submitting the Illustration for their own commercial purposes for commercial gain, without knowledge or permission of Studiojs.

33. Defendants' conduct has damaged the goodwill and reputation of Studiojs through the misappropriation of the Illustration on which Mr. Smith, through his work at Studiojs, depends for his livelihood.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against each Defendant and for relief as follows:

A. For Judgment in favor of Plaintiff against Defendants as they have (i) willfully infringed on Plaintiff's rights in its copyright in violation of the Copyright Act; and (ii) otherwise injured the business reputation and business of Plaintiff by lessening the value of the Illustration and Studiojs' services.

B. For Judgment in favor of Plaintiff against Defendants for actual damages and for an accounting of Defendants' profits pursuant to 17 U.S.C. §504, to be determined at trial.

C. For an Order of Impoundment under 17 U.S.C. §503 and §509 impounding all infringing copies of Plaintiff's Illustration which are in Defendants' possession or under their control.

D. For such other relief as this Court deems just and appropriate.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

JAMES C. SMITH d/b/a THE STUDIO OF JAMES C. SMITH a/k/a "STUDIOJS"


By: /s/Maria Bazakos
    One of His Attorneys

Thomas R. Stilp (ARDC #6198439)
Maria M. Bazakos (ARDC #6317230)
Stilp Business Law P.C.
166 W. Washington, Suite 300
Chicago, IL 60602
p. (312) 242-4000
f. (312) 242-4001
tstilp@StilpBusinessLaw.com
mbazakos@StilpBusinessLaw.com